THOMAS W. BUTLER, as Liquidator of the Fidelity Bank of Punta Gorda, *Appellant*, vs. THE DESOTO NATIONAL BANK OF ARCADIA, *Appellee*.

135 So. 897.

Division A.

Opinion filed July 14, 1931.

Petition for rehearing denied July 22, 1931.

*Thomas W. Butler,* for Appellant;
*Leitner & Leitner,* for Appellee.

BUFORD, C.J.—Appellee brought suit against the appellant in his capacity as Liquidator of the Fidelity Bank of Punta Gorda to remove cloud on title, alleging that it, the DeSoto National Bank of Arcadia, was the owner in fee simple of certain lands which had been levied on under the attachment by Thomas W. Butler as Liquidator; that the suit in attachment had gone to final judgment and that the attachment and judgment constituted a cloud on complainant's title. The bill alleges in part,

"Your Orator further shows hereunto your Honor that the said property is not now owned by the said C. E. Lanier and never has been the property of the said C. E. Lanier, that the said Fidelity Bank of Punta Gorda at the time the said property was attached knew that the said property was not the property of the said Lanier and that the said Lanier had no interest therein; that the said property was owned in fee simple at the time of the said attachment by the Punta Gorda Investment Company, but prior to the creation of the said Punta Gorda Investment Company the said property was bought by the contemplated stockholders of the Punta Gorda Investment Company and the title to the same was taken in the name of the said C. E. Lanier and this was known all the while by the said Fidelity Bank of Punta Gorda.

Your Orator further shows hereunto your Honor, and charges the fact to be, that the said judgment and attachment against the said property are null and void so far as it/they attempt to affect or hold a lien on the said property, because at the time the said attachment was made and at the time the said judgment was held the said Fidelity Bank of Punta Gorda knew that the said property was owned in fee simple by the Punta Gorda Investment Company and that the said C. E. Lanier had no interest therein, either legal or equitable.

Your Orator further shows hereunto your Honor that at the time the said attachment was had on Orator's said property, it did not own the said property, but

was at that time negotiating for the purchase of same and that long before the entry of the said final judgment in the said suit against said Lanier, orator had purchased the said property and owned it in fee simple.''

It is alleged that the land was wild, unimproved and in the actual possession of no one.

The defendant answered the bill and denied the material allegations thereof.

The decree was in favor of the complainant from which appeal was taken. The complainant was not entitled to a decree under the allegations of its bill of complaint because the allegations of the bill of complaint are insufficient to warrant a decree cancelling the lien created by the attachment. The bill of complaint alleges in effect that the property was owned at the time of the attachment, in fee simple by the Punta Gorda Investment Company; that prior to the creation of said Punta Gorda Investment Company the property was bought by the contemplated stockholders of the Punta Gorda Investment Company; that title was taken in the name of C. E. Lanier and that this was known all the while by the Fidelity Bank of Punta Gorda. There is no allegation in the bill of complaint that Punta Gorda Investment Company ever acquired title to the property by any conveyance of any sort, nor is it alleged in the bill of complaint that C. E. Lanier held the property in trust for Punta Gorda Investment Company or for the stock-holders of Punta Gorda Investment Company. Neither did it allege that the conveyance to C. E. Lanier was such a conveyance as under the provisions of our statute would pass anything except a fee simple title to him.

Although there was no demurrer interposed to the bill, the bill is so fundamentally defective as to constitute an insufficient basis for a final decree in favor of the complainant.

Aside from this, the complainant has failed to deraign its title in the proof submitted from any common source

except that it claims title under a warranty deed from C. E. Lanier and wife, filed for record May 23rd, 1929, which was after notice of attachment had been filed and recorded in the office of the Clerk of the Circuit Court and, therefore, this deed was inferior to and subject to the priority of the lien of attachment.

For the reasons stated, the decree should be reversed and it is so ordered.

Reversed.

WHITFIELD, TERRELL AND DAVIS, J.J., concur.

ELLIS AND BROWN, J.J., dissent.